**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| LAWRENCE WEBSTER, | ) | |
| Petitioner, | ) ) | |
| v. | ) ) | CAUSE NO. 3:06-CV-0299 TS |
| WILLIAM WILSON, | ) ) | |
| Respondent. | ) ) | |

**OPINION AND ORDER**

Petitioner Lawrence Webster, a prisoner confined at the Westville Correctional Facility, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 dealing with loss of earned credit time in a prison disciplinary hearing. Prison officials investigated Mr. Webster for suspected trafficking. On December 14, 2005, Investigator Michael Brubaker wrote a conduct report charging him with attempted trafficking by arranging to have tobacco brought into the facility. On December 22, 2005, a disciplinary hearing board ("DHB") found Mr. Webster guilty of attempted trafficking and imposed a loss of nintey days of earned credit time**.** He appealed unsuccessfully to the Superintendent and the final reviewing authority.

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action, *Wolff v. McDonnell*, 418 U.S. 539 (1974), and 'some evidence' to support the decision of the prison disciplinary board." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

In his petition for writ of habeas corpus, Mr. Webster asserts that he was not provided with all of the evidence he requested until the hearing itself; that only two of the three DHB members listened to the taped telephone conversation that constituted evidence against him; that the investigation exceeded the forty-five day limit set forth by Indiana Department of Correction ("IDOC") policy; and that there was insufficient evidence to support the finding of guilt.

The respondent argues that Mr. Webster did not present his claim that only two of three DHB members listened to the taped conversation or his claim that the investigation exceeded the time limits established by IDOC policy in his institutional appeal. In the alternative, the respondent argues that these grounds state no claim upon which habeas corpus relief can be granted.

Review of the petitioner's administrative appeal establishes that Mr. Webster did not present these claims to prison officials. (Docket #15-8). The principles of exhaustion of available state remedies and procedural default apply to prison disciplinary hearings. *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992). Failure to raise the issue on appeal to the final reviewing authority is a waiver of the claim. *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002). But even if he had exhausted his administrative remedies as to all issues he seeks to present, Mr. Webster states no claim upon which relief can be granted in these two grounds.

Mr. Webster argues that only two members of the DHB reviewed the telephone conversation. "[D]ue process requires that he receive . . . the chance to present testimony and evidence to an impartial decisionmaker . . .." *Lagerstrom v. Kingston,* No. 06-1521, 2006 WL 2567516 at *3 (7th Cir. Sept. 7, 2006). But due process does not require that the decisionmaker be a three member panel. *See Wolff v. McConnell*, 418 U.S. 539 (1974). Here, the videotape was reviewed by two members of the DHB and both of them voted to find him guilty, therefore it was not error for only two members to have listened to the audiotape.

Mr. Webster argues that the investigation exceeded the forty-five day limit set forth by IDOC

2

policy. Section § 2254(a) provides that federal courts "shall entertain an application for writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Relief in this action is only available from violation of the federal Constitution or laws. *Estelle v. McGuire*, 502 U.S. 62 (1991). State law questions do not state a claim for habeas relief, *Kraushaar v. Flanigan,* 45 F.3d. 1040 (7th Cir. 1995); *Hester v. McBride*, 966 F. Supp. 765 (N.D. Ind. 1997), and violations of prison disciplinary policies, such as those alleged by this petitioner, do not state a claim for federal habeas relief. *Hester v. McBride*, 966 F. Supp. at 774-75. Accordingly, that investigation into Mr. Webster's suspected trafficking may have exceeded forty-five days states no claim upon which habeas corpus relief can be granted.

Mr. Webster asserts that the DHB failed to timely provide him "with all of the evidence so that he could properly prepare a defense." (Docket #1 at p. 3). He also asserts that the DHB's failure to provide him with a copy of the audio review at least twenty-four hours prior to the hearing violated IDOC policy. Violations of prison disciplinary policies, however, state no claim upon which federal habeas relief can be granted. *Hester v. McBride*, 966 F.Supp. at 774-75.

When the conduct report was screened, Mr. Webster indicated that he did not wish to call any witnesses, but he did request the "review of alledged (sic) phone call (10-17-2005 Investigation)." (Docket #15-4). At the hearing, Mr. Webster was provided with a review of the phone conversation that formed the basis of the charge against him. (Docket #15-3). Moreover, as a participant in that telephone call, he was already aware what was said during the conversation. Mr. Webster had adequate notice of the charge against him and access to the evidence against him. The procedure followed by the DHB did not prevent him from preparing his defense.

Finally, Mr. Webster asserts that there was insufficient evidence to find him guilty of attempted trafficking. In his petition, Mr. Webster "admits to making a Three-way call for another

3

offender which is a violation of Phone Privileges a Class C Offense #361. Neither the charged offender or the caller is identified anywhere in the phone conversation, Offender (Lawrence Webster) contends that the conversation was taken out of context. Offender's (Lawrence Webster) Mother didn't visit the Offender during the time frame that the investigation for Attempt To Traffic (A111/l13) was being conducted." (Docket #1 at p. 4).

The amount of evidence needed to support a finding of guilt in prison disciplinary hearings is very modest; there need only be "'some evidence' to support the decision of the prison disciplinary board." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. at 455. This is a lenient standard, requiring no more than "a modicum of evidence." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). Even evidence that can be characterized as meager is sufficient to support the revocation of good-time credits so long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id.* (citing *Hill*, 472 U.S. at 457). "The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."*Id.* (citing *Hill*, 472 U.S. at 455-56).

The audiotape of Mr. Webster's conversation with his mother is some evidence that he attempted to traffic. That Mr. Webster's mother did not come to the institution bringing contraband might establish a lack of evidence of actual trafficking because if she did not bring tobacco to the institution then Mr. Webster could not be guilty of trafficking. But the conduct report charged Mr. Webster not with trafficking, but with attempting to traffic. That the proposed trafficking never came to fruition is not a defense against the charge of attempting to traffic.

For the foregoing reasons, the court the court **DENIES** this petition.

SO ORDERED on July 17, 2007.

 /s/ Theresa L. Springmann

THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION